UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

THOMAS D. WORKMAN,

        Plaintiff,

v.                          ACTION NO. 2:07cv411

PRISON HEALTH SERVICE,
KONRAD JARRETT, Doctor,
DANIEL T. MAHON, Warden of HCC, and
DR. CYPRESS,

        Defendants.

### DISMISSAL ORDER

Plaintiff, a Virginia inmate, brought this pro se action pursuant to 42 U.S.C. § 1983 to redress alleged violations of his constitutional rights.

Accompanying plaintiff's complaint was a request to proceed in forma pauperis. By order filed September 19, 2007, plaintiff was advised that under 28 U.S.C. 1915(b)(1) a prisoner bringing a civil action in forma pauperis must pay the full filing fee.[1] See 28

---

[1] § 1915. Proceedings in forma pauperis

(b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of-
    (A) the average monthly deposits to the prisoner's account; or
    (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

U.S.C. § 1914(a) (requiring payment of a $350.00 filing fee for all actions except petitions for writs of habeas corpus). Plaintiff was advised that if he was allowed to proceed in forma pauperis, he would be able to pay the filing fee in installments and that payments would be deducted automatically from plaintiff's inmate account and forwarded to the Clerk in accordance with section 1915(b)(2). In order to accomplish this, plaintiff was ordered to either sign the enclosed consent to withdrawal form and return it to the court or to submit the full filing fee in the amount of $350.00 within thirty (30) days from the date thereof.

Plaintiff was advised that if he did not sign and return the consent to withdrawal form or submit the filing fee of $350.00 within the thirty-day period, the court would assume that plaintiff no longer wished to pursue this action. The court further advised plaintiff that failure to respond to the order could result in the dismissal of this action.

The thirty-day time limit has now elapsed, and the court has received no response from plaintiff. The court cannot continue to process plaintiff's request to proceed in forma pauperis without his consent form. Accordingly, plaintiff's action is **DISMISSED**

---

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

2

without prejudice to his right to resubmit the case.[2] Plaintiff is CAUTIONED, however, that the statute of limitations continues to run.

Plaintiff is ADVISED that he may appeal from this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days of the date of this Dismissal Order. If plaintiff wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **DIRECTED** to send a copy of this Dismissal Order to plaintiff at his last known address.

IT IS SO **ORDERED**.

/s/
Rebecca Beach Smith
United States District Judge

Norfolk, Virginia
November 27, 2007

---

[2] Since this is a procedural dismissal without prejudice, the four-factor test enunciated in Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991), is inapplicable. The dismissal in Doyle was with prejudice pursuant to Federal Rule of Civil Procedure 41(b), which "operates as an adjudication upon the merits." Such is not the case here.

3